CATHOLIC ACTION OF HAWAII/PEACE EDUCATION PROJECT, a Non-Profit Hawaii Association, James Albertini, Ian Yonge Lind, Eileen Belton, Peter Tagalog, Roger Sheetz, Edward Casey, Nora Ogawa, and Life of the Land, a Non-Profit Hawaii Corporation, Plaintiffs,

v.

Harold BROWN, Secretary of Defense, W. Graham Claytor, Jr., Secretary of the Navy, James L. Holloway, Chief of Naval Operations, Ralph S. Wentworth, Jr., Commandant of the 14th Naval District, and Thomas B. Hayward, Commander-in-Chief, Pacific Fleet, United States Navy, Defendants.

Civ. No. 78–0085.

United States District Court,
D. Hawaii.

March 13, 1979.

Walter P. Zulkoski, Honolulu, Hawaii, for plaintiffs.

Elliot Enoki, Asst. U. S. Atty., Samuel Pinn, Jr., Jeffrey A. Wayne, Honolulu, Hawaii, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### INTRODUCTION

TURRENTINE, District Judge, By Designation.

This action seeks to enjoin the Navy from using certain newly constructed facilities at the West Loch Branch of its Pearl Harbor Naval Base in Honolulu, Hawaii. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1361; 16 U.S.C. § 1540, and 28 U.S.C. §§ 2201, 2202. A hearing on the issuance of a permanent injunction was held on March 5 and 6, 1979, before the Honorable Howard B. Turrentine. Walter Zulkoski appeared on behalf of plaintiffs, and Elliot Enoki, Assistant United States Attorney, assisted by Samuel Pinn and Jeffrey Wayne, appeared for the defendants.

Plaintiffs seek injunctive relief on the grounds that defendants have violated the National Environmental Policy Act, 42 U.S.C. §§ 4321–4361 (1970), by failing to prepare an Environmental Impact Statement. Plaintiffs also assert that defendants have violated the Endangered Species Act, 16 U.S.C. §§ 1531–1543 (1973), and the National Historic Preservation Act, 16 U.S.C. § 470 (1966).

Defendants contend that they are excused from preparing an Environmental Impact Statement, due to conflict between the National Environmental Policy Act and the Atomic Energy Act, 42 U.S.C. §§ 2011–2096 (1954), and that they have complied with the requirements of both the Endangered Species Act and the National Historic Preservation Act.

Upon consideration of all the evidence presented, the pleadings on file, and the argument of counsel, the court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## FINDINGS OF FACT

1. *Parties*

A. The plaintiffs are residents of Honolulu, Hawaii, and use the areas adjacent to the proposed new facilities for recreational and/or residential purposes.

B. The defendants are officials of the United States Department of Defense and United States Navy sued in their official capacities. Defendants are constructing munitions storage facilities capable of storing and maintaining nuclear weapons on the West Loch Branch of Lualualei Magazine.

2. The United States Navy maintains various munitions storage facilities on the Island of Oahu, State of Hawaii, designated Naval Magazine, Lualualei. One branch of this Magazine is located at Waikele.

3. Commencing in 1973, a study was conducted by the United States Navy to determine the feasibility of relocating the Waikele function due to increased residential development in the area and in order to minimize any dangers attendant to movement of ordnance.

4. The study concluded that the West Loch Branch was the preferred relocation site because transportation of ordnance to and from the wharves would be held to a minimum. The study was reviewed by the Explosive Safety Board of the Department of Defense and approved in 1975. The West Loch Branch has been used for ordnance storage and maintenance since 1942.

5. In order to execute the desired relocation, the existing facilities at West Loch had to be expanded, which required programming through the congressionally authorized military construction program. The project was properly submitted to Congress in compliance with all applicable regulations. Congress approved the appropriation and authorized funds for the project based upon the project-supporting documentation, which included a specific description of the facilities to be constructed and the operations to be conducted within the facilities. The project documentation specifically stated that the facilities were to be built to accommodate ordnance items to be relocated from Waikele.

6. The cost of the facility is over eight million dollars.

7. The Explosive Safety Quantity Distance (ESQD) associated with the relocated functions will lie totally within Navy controlled property and within areas already encumbered by ESQD arcs from the ammunition handling wharves and existing ammunition storage facilities. No inhabited structure, either publicly or privately owned, will be encumbered. The additional facilities will also be protected from encroachment by residential development due to ESQD safety buffer areas of Navy-owned property.

8. The West Loch storage facility is within the traffic area of Honolulu International Airport and is approximately one mile from a landing flight path for flights from the mainland and elsewhere. The Federal Aviation Administration has not established a prohibited flight zone over this area.

9. The Navy prepared a classified Environmental Impact Assessment (EIA) which concluded that the project would have "no significant impact on the environment" and would not be environmentally controversial. In preparing the EIA, the Navy utilized the services of a wildlife biologist to examine the Hawaiian Stilt and its habitat. No other species in the area are endangered. The Navy further considered the Okiokiolepe Fishpond, a site listed on the National Register of Historic Places, and concluded that the fishpond would not be affected by the project.

10. The Navy did not submit an Environmental Impact Statement (EIS) on the project because such a statement would involve discussion of the presence, number, and locations of atomic weapons; the design, utilization, capabilities and capacities

of such weapons; and security measures and devices incident to the weapons.

### CONCLUSIONS OF LAW

1. Plaintiffs did not wait an unreasonable length of time before commencing this action, and thus are not barred by laches.

 2. Defendants have determined that the West Loch project does not jeopardize the Hawaiian Stilt or affect its habitat; therefore, they have not violated the Endangered Species Act, 16 U.S.C. §§ 1531–1543 (1973).

 3. As a result of the conclusion reached in the Environmental Impact Assessment regarding the Okiokiolepe Fishpond, defendants have not violated the National Historic Preservation Act, 16 U.S.C. § 470 (1966).

 4. The construction and use of the storage facilities at West Loch is a major Federal action within the meaning of the National Environmental Policy Act, 42 U.S.C. § 4332(2)(C)

5. A controversy exists regarding the environmental consequences of the West Loch project, 40 C.F.R. 1500.6(a).

6. The National Environmental Policy Act requires all Federal agencies to comply therewith to the fullest extent possible, 42 U.S.C. § 4332, unless existing law applicable to the agency's operations prohibits or makes compliance impossible, 40 C.F.R. 1500.4(a)(1).

 7. The submission of an Environmental Impact Statement would conflict with security data provisions of the Atomic Energy Act, 42 U.S.C. § 2014(y); with security classification guides prepared jointly by the Department of Defense and the Department of Energy, CG–W–4, JOINT ERDA/DOD NUCLEAR WEAPONS CLASSIFICATION GUIDE; and with United States Navy implementation of the joint guide, SWOP 55–1, NAVY SECURITY CLASSIFICATION GUIDE FOR NUCLEAR WEAPONS.

8. Defendants have complied with the National Environmental Policy Act to the fullest extent possible within the restrictions of the security classification guides and the Atomic Energy Act. See, e. g., *Flint Ridge Dev. Co. v. Scenic Rivers Assn.*, 426 U.S. 776, 96 S.Ct. 2430, 49 L.Ed.2d 205 (1976).

 9. Defendants' decision that an Environmental Impact Statement could not be submitted consistent with the Atomic Energy Act was reasonable and not arbitrary or capricious, and thus did not violate the Administrative Procedures Act, 5 U.S.C. § 706(2)(A).

Plaintiffs' motion for permanent injunction is hereby denied.

Let judgment be entered accordingly.